IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-HC-02108-M

| | | |
|---|---|---|
| ANTONIO RIOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN THOMAS SCARANTINO, | ) | |
| | ) | |
| Respondent. | ) | |

On May 17, 2023, Antonio Rios ("petitioner"), a federal inmate proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 with documents in support. See Pet. [D.E. 1]; Pet. Attach [D.E. 1-1].

The court now conducts its initial review under 28 U.S.C. § 2243 (providing the court need not seek a response when it is clear on the petition's face that petitioner is not entitled to relief).

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c).

Petitioner argues, after a "botched surgical operation," he is receiving inadequate medical care that violates the Eighth Amendment. Pet. [D.E. 1] at 2, 4; Pet. Attach. [D.E. 1-1]. For relief, petitioner seeks an "operation to repair the damage in [his] back" or release. Pet. [D.E. 1] at 5.

The instant petition amounts to a conditions-of-confinement claim that does not sound in habeas corpus. See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005); Nelson v. Campbell, 541 U.S. 637, 643 (2004); Preiser v. Rodriguez, 411 U.S. 475, 488–90 (1973); see also Eiland v. Warden Fort Dix FCI, 634 F. App'x 87, 89 (3d Cir. 2015) (finding that claims of inadequate medical care "do not sound in habeas corpus"). The court dismisses the instant petition without prejudice to

allow petitioner, if he wishes, to raise these claims in a civil-rights action. The court, however, makes no findings as to his likelihood of success in such an action.

Accordingly, the court: DISMISSES WITHOUT PREJUDICE this petition; DENIES a Certificate of Appealability, see 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and DIRECTS the clerk to close the case.

SO ORDERED this 27th day of November, 2023.

*Richard E. Myers II*
RICHARD E. MYERS II
Chief United States District Judge

2